## HOUSING AUTHORITY of the City of LITTLE ROCK, ARKANSAS *v.* ARKANSAS LOUISIANA GAS COMPANY

74-314                               520 S.W. 2d 215

Opinion delivered March 24, 1975

*Smith, Williams, Friday, Eldredge & Clark*, by: *William L. Terry*, for appellant.

*Baker & Probst, P.A.*, by: *Charles W. Baker*, for appellee.

J. FRED JONES, Justice. This is an appeal by the Housing Authority of the City of Little Rock, Arkansas, from a chancery court decree in favor of the appellee, Arkansas Louisiana Gas Company (Arkla), in which the chancellor held that the Housing Authority is responsible for the cost in the stipulated amount of $78,986.19 incurred by the appellee in adjusting its gas lines within street rights-of-way in connection with appellant's Neighborhood Development Program Urban Renewal Project within the City of Little Rock.

The Urban Renewal Project consists of widening, curbing and guttering several public streets in the area, and the

installation of storm sewers and drainage facilities. On appeal to this court the appellant designates the following points upon which it relies for reversal:

"The trial court erred in finding that the determination of the issue as to responsibility for adjustment costs is governed by the Swaggerty Branch decision in Arkansas Louisiana Gas Co. v. City of Little Rock, et al, 256 Ark. 112, 506 S.W. 2d 555 (1974).

The trial court erred in finding that the removal of the City of Little Rock, Arkansas as a party plaintiff from these proceedings does not alter the legal issues involved.

The trial court erred in finding that there were no factual differences in this case which make the legal issue any different from those involved in the Swaggerty Branch decision.

The trial court erred in finding that Housing Authority must bear the cost of the adjustment work (agreed to by the parties as $79,986.19 [sic] plus accrued interest); that under the applicable law in the State of Arkansas, there being no specific statutes or franchise provisions governing the issue in this proceeding, the utility company must bear the expense."

We are of the opinion that the chancellor was correct in holding that this case is controlled by our recent decision in *Ark. La. Gas Co.* v. *City of LR*, 256 Ark. 112, 506 S.W. 2d 555 (1974). That case involved the channelization of a small stream or "branch" inside the city limits of Little Rock. The project included installation of storm sewers and drainage facilities, and also the construction and pavement of streets and bridges where the streets crossed the branch. It was necessary that Arkla remove and relocate some of its gas lines within existing street rights-of-way and the crucial question was whether the Housing Authority or Arkla was to bear the cost of relocating the gas lines within the street limits. The Housing Authority in that case filed suit to require Arkla to relocate the lines without cost to the Housing Authority

and the city was joined as party, plaintiff. The trial court found that the burden of cost fell on Arkla on the theory that the Housing Authority was in fact an agent of the city. In reversing the decree in that case, we traced the legislative history of the Housing Authority and in that case we said:

"The main reason for holding as we do is that historically the housing authorities throughout the country have consistently been held to be separate and independent bodies corporate. The housing authorities acts heretofore enumerated are very extensive, a recitation of which would unduly lengthen this opinion. Summing up, the statutes demonstrate that the housing authorities are autonomous entities that have the power to act in every field related to their work independently of the cities.

\* \* \*

From a study of the statutes, and in view of the cited authorities, we conclude that it was not the intention of the General Assembly that the urban renewal projects be carried out by the housing authority in some type of principal-agent relationship whereby the authority would be acting under the direction and control of sub-servient to, the wishes of the local governing body. Once the governing body of the municipality approves a proposed urban renewal project and executes a cooperation agreement, the authority is free to develop the project according to the plans and without direction from the municipality. Incidentally, the 'cooperation agreement relative to the subject (Swaggerty Branch) nowhere intimates that the project shall be carried on with the City as principal and the Housing Authority as agent."

And, in that case, we concluded as follows:

"We hold that the redevelopment project in litigation was in actuality the project of Housing Authority; that Housing Authority was the moving force in causing the gas lines to be altered; that so much of the deposit as is

necessary to reimburse Arkla for actual cost should be paid over to it; and that the costs in the trial court should be assessed against appellees."

The appellant argues that in *Ark. La. Gas Co.* v. *City of LR, supra,* the City of Little Rock was a party plaintiff and the question involved on appeal was the principal-agent relationship between the city and the Housing Authority. The appellant seems to argue that since the city is not a party to the case at bar, and since agency is not involved, we should somehow reach a different result from our decision in *Ark. La. Gas Co.* v. *City of LR, supra.* We do not agree. It is true that the trial court in *Ark. La. Gas Co.* v. *City of LR* did find that the burden of cost fell on Arkla on the theory that the Housing Authority was an agent of the city, and on appeal we stated that in order to affirm the chancellor's decree, it would be necessary for us to find likewise. But we did not so find. We simply found that the Housing Authority was an entirely separate entity from the city and was responsible for Arkla having to remove its gas lines and was liable to Arkla in connection therewith. Certainly we would have reached the same conclusion in *Ark. La. Gas Co.* v. *City of LR, supra,* and we can reasonably assume the chancellor would have reached the same conclusion that we did, if the city had never been made a party in that case and the principal-agent relationship question had never been raised.

In *Ark. La. Gas Co.* v. *City of LR, supra,* we, in effect, held that since there was no principal-agent relationship between the Housing Authority and the city, the Housing Authority was liable to Arkla for the necessary cost in making the required adjustments in its gas lines. The effect of the appellant's contentions, as we understand them in the case at bar, is that since there was no principal-agent relationship between the Housing Authority and the city in this case, we should reverse our decision in *Ark. La. Gas Co.* v. *City of LR, supra.* We find no material difference in the improvements involved in the case at bar and those involved in *Ark. La. Gas Co.* v. *City of LR, supra,* and we find no reason to reverse our decision in that case.

As to the appellant's fourth point, we adhere to our previous findings in *Ark. La. Gas Co.* v. *City of LR, supra,* that

"The appellant Arkansas Louisiana Gas Company (Arkla) is a privately owned gas distribution utility; its franchise covers the city of Little Rock."

The decree is affirmed.